THE STATE OF IOWA, Appellee, v. H. J. ILLSLEY, Appellant.

1.  Liquor Nuisance: EVIDENCE OF LIQUORS FOUND AT ANOTHER PLACE. Upon an indictment for keeping a saloon nuisance, after a witness had given testimony tending to show that liquors were kept and sold by defendant at the place named, it was proper to allow him to testify to finding five barrels of bottled beer at the residence of defendant's father, with whom defendant resided, in another part of the city.

2.  Appeal: INSTRUCTION NOT SET OUT IN RECORD. This court cannot pass upon the correctness of an instruction not set out in the record.

3.  Instructions: SPECIFIC DEFENSES. When the instructions given are correct, and fairly cover all the defenses pleaded, the defendant cannot complain that they were not more specific as to a particular defense, where he has failed to ask for such specific instruction.

4.  Liquor Nuisance: EVIDENCE OF ILLEGAL SALES: PRESUMPTION: INSTRUCTION. In a prosecution for liquor nuisance, the court instructed that the finding of intoxicating liquors, except in the possession of one legally authorized to sell the same, or except in a private dwelling-house which does not include, or is not used in connection with, a tavern, public eating-house, restaurant, grocery, or other places of public resort, is presumptive evidence that such liquors were kept for illegal sale, and that proof of actual sale is presumptive evidence of illegal sale. *Held*, not subject to the objection that it does not state the law in clear and concise language.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, OCTOBER 11, 1890.

INDICTMENT for maintaining a saloon nuisance. Verdict of guilty, and judgment, from which defendant appeals.

*McHenry & McHenry*, for appellant.

*John Y. Stone*, Attorney General, for the State.

GRANGER, J.—George Hansen was a witness for the state, and testified that the defendant kept a bakery and eating-house on corner of Sixth and Locust streets, Des Moines, and gave evidence strongly tending to show that intoxicating liquors were kept there for sale, and sold there. The defendant resided with his father on Ninth and Pleasant streets, and the witness was allowed to testify that he searched these premises, and found there five barrels of bottled beer. Of the admission of this evidence the defendant complains. Its admission was right. It afforded a fair inference, when unexplained, that it was a base of supplies for the saloon, and, judging from the record of the case, it undoubtedly was.

1. LIQUOR nuisance: evidence of liquors found at another place.

II. Appellant says he asked the usual instruction that verbal statements and admissions should be received with care, caution, etc., and complains that it was not given; but the instruction is not set out in the record, and without it we cannot say that it correctly stated the law.

2. APPEAL: instruction not set out in record.

III. Appellant says "he could not deny, for he could not know, that intoxicating liquors were sold in his place. But he testified and contended that, if they were sold, it was without his knowledge or consent;" and he urges, as to this, his principal defense, he was entitled to have "the law clearly and unmistakably stated." It is true the court has not especially called attention to this as a defense, and there is nothing in the record to indicate that reliance was principally based on such facts. The instructions of the court leave no doubt that the jury, to convict, must find that the defendant alone, or in connection with others, "established the business of keeping for sale, and selling, intoxicating liquors." The instructions are utterly inconsistent with the idea of his being guilty of maintaining a nuisance that he had no knowledge of. If appellant wanted more, it is certainly not a bad rule that would require him to ask it.

3. INSTRUCTIONS: specific defenses.

IV. The court said to the jury as follows: "It is also provided that in all actions, prosecutions and proceedings, under the law of this state, prohibiting the illegal manufacture and sale of intoxicating liquors, the finding of such liquors, except in the possession of one legally authorized to sell the same, or except in a private dwelling-house which does not include, or is not used in connection with, a tavern, public eating-house, restaurant, grocery, or other places of public resort, shall be presumptive evidence that such liquors were kept for illegal sale, and proof of actual sale shall be presumptive evidence of illegal sale." Appellant complains that the instruction does not "state the law in plain and concise language in such manner that the jury would clearly understand it." We think, as applied to the testimony, that any person of ordinary understanding could understand the instruction. It is a correct statement of law and applicable; and our statements and references in the former division of this opinion apply to the neglect to present to the court an instruction embodying appellant's wishes. The judgment is AFFIRMED.