## The State of Iowa v. Reinheimer, Appellant.

**Criminal Law:** REVIEW OF VERDICT. The rule with reference to granting new trials on appeal in criminal cases for want of evidence is different from that applied in civil cases, and the supreme court will not, in a criminal case, support a verdict, if it be against the clear weight of the evidence.    7

**Unchastity:** *Not provable by reputation.* In a prosecution for seduction, the defense cannot prove the general reputation of the prosecutrix as to chastity.    2

**Chastity so provable when.** After the defendant had introduced testimony as to the unchastity of the prosecutrix, the state may sustain her character by proof of her general reputation in the community in which she lives.    4

**Corroboration in seduction.** In a prosecution for seduction, the fact that the parties kept company, and acted as lovers usually do, and other like circumstances, are sufficient corroboration of the evidence of the prosecutrix required by statute.    5

**Minutes of prosecutrix's testimony:** *Impeachment.* Extended notes of the evidence of the prosecutrix before the committing magistrate, if usable to impeach at all, are not admissible for the defense as an entirety, but only such parts thereof as are at variance with her testimony on the trial, and to which her attention has been called.    3

**New Trial:** NEWLY DISCOVERED EVIDENCE: *Diligence.* An order denying a new trial for newly discovered evidence will not be disturbed, if there is no showing of diligence or of ability to procure the evidence on a new trial, waiving the point whether new trial may be had in a criminal case for newly discovered evidence.    6

**Evidence:** CONCLUSION AND FACTS: *Non-expert.* A conclusion of a non-expert witness that a female was in a delicate condition at a given time is inadmissible, but the witness may testify to the facts upon which his conclusion is based.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

SATURDAY, OCTOBER 28, 1899.

DEFENDANT was indicted, tried, and convicted of the crime of seduction, and from the judgment imposed appeals. —*Reversed.*

*E. W. Griffith* and *Smith & Smith* for appellant.

*Milton Remley,* Attorney General, *Chas. A. Van Vleck,* and *W. O. Clemans* for the state.

DEEMER, J.—The accused is charged with having seduced one Nora Dixon on or about December 25, 1896. A witness with whom the prosecutrix was stopping at the time she claims to have been seduced testified to certain facts tending to show she (the prosecutrix) was enceinte in February of the year 1896, and then said: "I say she was in a delicate condition because she was sick the same that any woman is; that is, sick in that way." On motion of the state, the court struck out the conclusion of the witness that prosecutrix was in a delicate condition, but allowed her testimony as to the fact of her condition to remain before the jury. The ruling was correct. The evidence stricken was the mere conclusion of the witness drawn from facts allowed to remain in the record, and as such it was inadmissible. The witness was not an expert, and the facts upon which she gave her opinion were not so numerous, or of such nature, as that they could not be clearly brought before the jury. In these respects the case differs from those relied on by appellant.

VOL. 109 Ia—40

II.   A witness was offered by defendant to prove the general reputation of the prosecutrix as to chastity. This evidence was properly rejected. *State v. Prizer,* 49 Iowa, 531; *State v. Shean,* 32 Iowa, 88.

III.   The defendant offered in evidence what purported to be the extended notes of the evidence of the prosecutrix taken down by a shorthand reporter at the time of the preliminary examination of the defendant, and this evidence was rejected. This ruling was also correct. Such evidence could only be used for impeaching purposes, and we have heretofore held that it cannot be so used. *State v. Hayden,* 45 Iowa, 11. In any event, the whole of the witness' testimony before the committing magistrate was immaterial. Only such parts of it as were at variance with her testimony given upon the trial of this case, and to which her attention had been called, were proper to be considered for purposes of impeachment.

IV.   After defendant had introduced evidence tending to show the unchastity of the prosecutrix, the state was permitted to sustain her character by proof of her general reputation in the community in which she lived. This evidence was certainly competent. *State v. Shean* and *State v. Prizer, supra.*

V.   The fifth instruction relates to the corroboration of the evidence of the prosecutrix required by the statutes of the state. No complaint is made of the instruction, but it is said there is no evidence on which to base it. We have frequently held that the fact that the parties kept company, and acted as lovers usually do, and other like circumstanes, are sufficient to constitute the corroborating evidence necessary to connect the defendant with the offense. *State v. McClintic,* 73 Iowa, 665; *State v. Wells,* 48 Iowa, 671; *State v. Hayes,* 105 Iowa, 86; *State v. Curran,* 51 Iowa, 112.

VI.   Some claim is made that the offense is barred by the statute of limitations. The prosecutrix testified that

she yielded her virtue on December 25, 1896. The indictment was found on January 19, 1898. If the witness is to be believed, the offense is not barred.

VII. The motion for a new trial was accompanied by affidavits tending to show newly-discovered evidence relating to the chastity of the prosecutrix, and by an affidavit from the prosecutrix herself to the effect that she had had intercourse with defendant in February of the year 1896. Newly discovered evidence is not in itself sufficient to warrant a new trial. *State v. Dimmitt,* 88 Iowa, 552; *State v. Potts,* 83 Iowa, 317. But, if it were, there is no such showing of diligence or of ability to procure the evidence upon a retrial as would justify us in interfering. Again, affidavits from the witnesses whose evidence it is claimed was newly-discovered do not accompany the motion, save in a single instance, and no reason is given for not presenting them.

VIII. It is insisted that the verdict is not sustained by sufficient evidence. The rule with reference to granting new trials for want of evidence in criminal cases is different from that applied in civil. "This court, though proceeding carefully and cautiously, will interfere in criminal cases more readily than in civil. We will not, in a criminal case, support a verdict, if it be against the clear weight of the evidence." *State v. Wise,* 83 Iowa, 596, and cases cited. The story of the crime as detailed by the prosecutrix is so unreasonable as to be entirely unworthy of credit. Her affidavit filed with the motion for a new trial shows that she had had intercourse with the defendant some months prior to the time it is claimed she was seduced, and she says that she was induced to make statements to the contrary through the influence of her father and of an attorney employed to conduct the prosecution. There is also much other evidence tending to show her unchastity prior to the time she claims she was seduced. No one can read this record without feeling that a great

injustice has been done the defendant. The verdict is so manifestly against the clear weight of the evidence that we would be remiss in our duty if we did not grant a new trial. Some other matters are complained of but, as they are not likely to arise on a retrial, should one be had, we do not consider them. For the error pointed out the judgment is reversed, and the cause is remanded for a new trial, should the state elect to proceed.—Reversed.