HAMBRO DISTILLING & DISTRIBUTING CO., Appellee, v. J. J. PRICE & CO. ET AL., Appellants.

**Judgments:** PRESUMPTION AS TO REGULARITY. In the absence of any record of the evidence or proceedings had upon the trial every presumption will be indulged in favor of the regularity of the judgment.

**Appeal:** VARIANCE: OBJECTION NOT URGED BELOW. Where the parties in an action against a partnership alleged to consist of certain persons proceed to trial without impleading another, disclosed by the evidence to be a member of the firm, the variance between the pleading and the proof is not such that the answering defendants can urge it on appeal to defeat the action.

**Partnership:** SALE TO PARTNER: ACTION FOR THE PRICE. Where the answer to a suit for the price of liquor admits the purchase and offers no defense except that the sale to them was illegal, it is immaterial whether the person who acted for the firm in making the purchase was a member of the firm.

**Appeal:** FINDINGS OF LOWER COURT: PRESUMPTION. Where there is no abstract of the evidence it will be presumed on appeal that the findings of fact by the trial court were justified.

*Appeal from Mahaska District Court.*—HON. K. E. WILCOXEN, Judge.

WEDNESDAY, FEBRUARY 10, 1909.

ACTION to recover for goods sold and delivered. Judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Liston McMillan,* for appellants.

*Frank T. Nash* and *Irving G. Johnson,* for appellee.

WEAVER, J.—The appellee is a wholesale dealer in liquors at the city of Baltimore, Md. It alleges that the defendants John J. Price and T. J. Price constituted a partnership under the style of J. J. Price & Co., engaged in business as pharmacists at Oskaloosa, Iowa, and that on March 6, 1905, at Baltimore, Md., plaintiff sold to said firm certain intoxicating liquors to the amount and value of $159.35, and that the indebtedness so contracted has never been paid. The defendants in answer admit the purchase of the liquors, but allege that the sale was made in Mahaska County, Iowa, contrary to the laws of this State, and that action for the purchase price can not be maintained. Jury being waived, trial was had to the court, which made a finding of facts, in substance, as follows: That the firm of J. J. Price & Co. was composed of J. J. Price, T. J. Price and C. E. Cunningham, the last named of whom, as a member of said firm, had been granted a permit to buy and sell liquors for lawful purposes at Oskaloosa, Iowa; that on the date in question the said Cunningham for said firm gave the order for the liquors above mentioned; that said order was given subject to the approval of plaintiffs at Baltimore, and was in fact there approved, and the liquors shipped to defendants at Oskaloosa. On these facts the court found plaintiff entitled to recover, and judgment was entered accordingly.

The principal point urged upon our attention is the apparent variance between the allegation of the petition as to the members composing the partnership of J. J. Price & Co. and the finding of the trial court with respect there-

to.   We discover no good reason for disturbing the judgment of the district court upon this ground.   In the first place neither party has attempted to furnish this court any abstract of the evidence introduced, or any record of the proceedings had or rulings made upon the trial, and every presumption will be indulged, and every doubt solved, in favor of the regularity and propriety of the judgment entered.   If the plaintiff mistakenly supposed and alleged that the firm was composed of J. J. Price and T. J. Price, and on going to trial the mistake was discovered, leave could properly have been granted to amend the petition to conform to the proof, or if the parties saw fit, without formal amendment, to proceed and try the case as if the name of Cunningham had been in fact impleaded as a partner in the concern, we think the answering defendants are in no position to allege a fatal variance in the proof. In the absence of any record of the evidence or the proceedings had at the trial we will presume that the action of the court in recognizing the partnership relation or agency of Cunningham was regular.

There is still another view of the record which the appellant seems entirely to overlook.   Their answer admits the purchase of the liquors from the plaintiff by their firm, makes no pretense that the bill has ever been paid, and offers no defense whatever, except the allegation that the sale to them was made in violation of law.   Such being the case, it is a matter of no consequence whatever whether Cunningham, who acted for defendant in making the purchase, was or was not a member of the partnership.

In the absence of the evidence we must also assume that the finding of the trial court that the liquors were purchased in Baltimore is correct.   Such being the case, the judgment for the plaintiff must be sustained.   *Westheimer v. Habinck*, 131 Iowa, 643.

For the reasons stated, the judgment of the district court is *affirmed.*