STATE OF IOWA, Appellee, v. JOSEPH M. HARRINGTON, Appellant.

No. 42953.

DECEMBER 17, 1935.

B. F. Jones, for appellant.

D. J. McNamara, County Attorney, and Edward L. O'Connor, Attorney General, and Walter F. Maley, Assistant Attorney General, for appellee.

HAMILTON, J.—Joseph M. Harrington, the defendant, was the manager of a place commonly known as Hi-Life Gardens, located at 226 Johnson street in the city of Keokuk, Lee county, Iowa. The west building was formerly a hotel. You enter this building by way of the lobby in which there is a bar, and off of this lobby to the west is a room 20 by 10 feet where beer is sold

and dispensed over another bar. Back of this old hotel lobby is a Chinese restaurant having a seating capacity of about 60 people. East of this is a big outside pavilion or dance hall about 40 by 120 feet. The title to the premises stands in the name of the defendant's wife and brother. The evidence shows that the defendant has invested in this establishment about $20,000, and that the same is quite a famous night club or resort; that people come there from all over that part of the country to attend public dances conducted by the defendant. Likewise, that this establishment is used quite extensively by outside clubs, chambers of commerce, commercial travelers, the Shrine, etc., in holding their special meetings or conventions. The defendant claims his residence at this place also. It has a seating capacity of over 500, and the average crowd that attended the dances was around 300, according to the testimony of the defendant himself.

On the night of July 13, 1934, this place was raided by the police, and the entire premises, except the upstairs, were searched and three bottles of gin, referred to in the record as Exhibits 1, 2, and 3, were found in what is described in the record as a compartment back of or under the bar in the barroom where the beer was sold. The bottles were not sealed when found, and bore no liquor stamps. The indictment in this case followed, charging that the defendant was maintaining a nuisance in that he unlawfully kept intoxicating liquor in this place in violation of the statute. The sufficiency of the indictment is not questioned. That the liquor found was intoxicating liquor is not questioned. Some sixteen different errors are assigned by the appellant, only a few of which are of any avail to the defendant, because of the condition of the record presented.

▮▮▮ The first error urged is misconduct on the part of the county attorney in the following respects: One of the jurors was asked on voir dire this question, "If the state proved beyond a reasonable doubt that if he was guilty would you convict him?" to which was lodged an objection, which objection was overruled and an exception noted. The question was not answered. There were no other or further objections to the questions propounded, and no ruling of the court and no exceptions taken in the further examination of this juror. The question was repeated in a little different form, and the following answer given: "A. That would be hard to say until the evidence is given." The reading of the record of the examination of this juror reveals that the

purpose of the county attorney was to ascertain the attitude of the juror with reference to the enforcement of the liquor law. There was no showing of bad faith on the part of the prosecuting attorney; no indication of willful or persistent effort on his part to inject improper matter into the trial of the case. It does not appear from the abstract that these questions were asked other jurors. This particular juror appears to have been engaged in the business of transporting beer. We have frequently held that a large discretion is lodged in the trial court in matters relating to the examination of jurors on their voir dire, and we see nothing in this examination, as disclosed by the record, that would warrant us in holding that the court abused its discretion in this matter, or that the defendant was prejudiced thereby. Raines v. Wilson, 213 Iowa 1251, 1262, 239 N. W. 36; Bauer v. Reavell, 219 Iowa 1212, 260 N. W. 39, 42.

■■■ It is further urged that the verdict is the result of passion and prejudice, due to misconduct of the county attorney in his closing argument. The record nowhere discloses that the matters complained of were preserved in the record in any form, and no exception thereto taken at the time. This court has frequently held that error may not be based on alleged misconduct of counsel in argument, unless the specific misconduct is made of record and exceptions entered thereto. Daniels v. Iowa City, 191 Iowa 811, 183 N. W. 415; State v. Van Treese, 198 Iowa 984, 200 N. W. 570; Schram v. Johnson, 208 Iowa 222, 225 N. W. 369; Crandall v. Mason, 198 Iowa 139, 197 N. W. 454; State v. Larson, 199 Iowa 1209, 203 N. W. 20.

■■■ Further objection is based on misconduct of the prosecuting attorney in cross-examining the defendant pertaining to his previous convictions. We have carefully examined appellant's abstract, and there is no reference to any cross-examination of defendant touching his previous conviction of other public offenses. The entire examination on this subject is omitted therefrom. The only place there is any reference made in the record presented to us as to the matter of other convictions is found in appellee's denial of abstract and additional abstract, and the record as set out in this additional abstract of appellee is in the following words: "I was convicted of breaking and entering on May 4, 1913."

"Q. I will ask you to state to the jury whether or not on

November 26, 1923, you were convicted of selling liquor to minors? A. I don't remember what that charge was * * * I had a liquor charge in 1923. It was a nuisance, wasn't it? * * * I was convicted a few years ago in Federal Court on a liquor charge.''

Apparently, in so far as the record in this case is concerned, there was no objection to this evidence, no motion to strike, no exceptions of any kind, and no ruling of the court. Objections to evidence may not be made for the first time on appeal. Heflen v. Brown, 208 Iowa 325, 223 N. W. 763; In re Estate of Merrill, 202 Iowa 837, 211 N. W. 361; State v. One Certain Buick Sedan, 209 Iowa 791, 229 N. W. 173. The matter urged in this assignment of error was not mentioned in defendant's motion for new trial or in any manner brought to the attention of the trial court and a ruling asked or obtained. There is nothing to show what went before and in what connection this evidence was brought out. Manifestly, unless the record is set out, this court may not presume error, but, on the contrary, the presumption would be in favor of the regularity of the procedure and rulings of the court. Lucas v. Ashbaugh, 5 Iowa (Cole Ed.) 582; Hambro Distilling & Distributing Co. v. J. J. Price & Co., 141 Iowa 169, 119 N. W. 541; Jacobs v. City of Cedar Rapids, 181 Iowa 407, 164 N. W. 891; Worner v. Abraham, 186 Iowa 1276, 173 N. W. 134.

 Complaint is made to numerous instructions of the court and especially instruction No. 3, in that said instruction defines the crime of bootlegging in connection with the definition of a nuisance, and fails to fully instruct the jury on the issues, and especially in defining what would be ''unlawfully keeping alcoholic liquors.'' It does not appear from the record that the defendant requested any additional instructions on any point. Instruction No. 3 is as follows:

''3. It is provided by the laws of this State that any person who shall, by himself, or his employee, servant, or agent for himself or any person, company or corporation, keep or carry around on his person or in a vehicle, or leave in a place for another to secure, any alcoholic liquor as herein defined, with intent to sell or dispense of the same by gift or otherwise, or who shall, within this State, in any manner, directly or indirectly, solicit, take or accept any order for the purchase, sale, shipment or delivery of such alcoholic liquors in violation of this act, or aid in the delivery

and distribution of any alcoholic liquors so ordered or shipped, or who shall in any manner procure for, or sell or give any alcoholic liquors to any minor or interdicted person, for any purpose except as authorized and permitted by statute, shall be termed a bootlegger; and the building, erection, or place, or the ground itself, in or upon which the unlawful manufacture or sale, or keeping with intent to sell, use or give away, any alcoholic liquors is carried on or continued or exists, and any vehicle or other means of conveyance used in transporting such liquor in violation of the statutes of this State, and the furniture, fixtures, vessels and contents, kept or used in connection therewith, are declared a nuisance; and, whoever shall erect, establish, continue or use any building, erection or place for any of the purposes prohibited as above set out, is guilty of a nuisance.''

■■■ This instruction quite fully sets out the provisions of the statute with reference to the unlawful possession, keeping for sale, etc., of intoxicating liquor, and while the instruction could have been so drawn as to avoid the use of the entire statute, yet the use of the term bootlegging in connection with the elements constituting the crime of nuisance as used in this intruction could not have misled the jury or been in any way prejudicial to the defendant, and, in the absence of any further request, sufficiently defined what constituted ''unlawfully keeping alcoholic liquors.'' The court, having covered all the elements of the case, did all it was required to do, and his failure to instruct on any particular theory of the defendant, when not requested so to do, was not reversible error. State v. Kendall, 200 Iowa 483, at page 487, 203 N. W. 806. All that is required by the court is to fairly present the issues in its charge to the jury to the end that they may have a clear and intelligent conception as to what they are to decide. It is not necessary that the court on its own motion instruct upon every matter arising in the case. On the other hand, mere failure to instruct may constitute reversible error, if it should be apparent that such failure resulted in depriving defendant of a fair trial, but where the instructions given are correct as far as they go, it is incumbent upon the defendant, if he desires further instructions, to make a request therefor, and, if he fails to do so, he will not be heard to complain. State v. Brandenberger, 151 Iowa 197, at page 205, 130 N. W. 1065, 1068, citing State v. Helvin, 65 Iowa 289, 21 N. W. 645; State v. Illsley, 81 Iowa 49,

46 N. W. 977; State v. Watson, 81 Iowa 380, 46 N. W. 868. "Ordinarily this court will not reverse for failure to give instructions not asked, unless it be satisfied that such failure has deprived defendant of a fair trial. State v. Hathaway, 100 Iowa 225, 69 N. W. 449, 450." State v. Brandenberger, 151 Iowa 197.

■■ Particular emphasis is placed on the failure of the court to instruct the jury as to the right of the defendant to have in his possession in his home liquor for his own use, under the present state liquor laws. Counsel for appellant apparently lose sight of the fact that the question of defendant's having possession of liquor for his own use is eliminated from the case by his own testimony. The chief of police in his testimony stated that the defendant had told two different stories in reference to his possession of these three bottles of gin found on the premises; that he first contended that the liquor was taken from bottles left by guests and poured into these bottles which were found and identified as Exhibits 1, 2, and 3, and the liquor contained in these bottles was the leavings of three different dances. And later, the chief claimed that the defendant told him he had this liquor for his own use; that that was his home and he had a right to the possession of it. On direct examination of the defendant, he stated in reference to this subject that he never told the chief of police that he had the gin there for his own private use; that he did not use it; that he did not drink gin; that he could not have had it for his own use, and he did not tell the chief anything of the kind. The defendant rests his case solely upon the explanation that some of his guests left the liquor there in his place, and that he personally was in the habit of going around after the dances, conventions, or other gatherings held there were over, to look for any articles which might be left by the guests, such as pocketbooks, articles of personal wearing apparel, etc., and that he frequently found bottles containing liquor which the guests would bring there with which to spike the beer purchased at his beer parlor, and that the liquor in these three bottles which were found by the officers was of this character; that he gathered it up himself. There was, therefore, no claim on the part of the defendant that he had this liquor for his own use or that he purchased it from a liquor store, but, on the contrary, his evidence negatives this contention of counsel for appellant, and the trial court certainly was not required to instruct upon an issue that had no support in the

evidence. It is true that the record shows that there was a liquor store in Keokuk, and that the defendant was the possessor of a buyer's liquor permit, which authorized him to purchase and have in his possession liquor in his own home; but he specifically denied in his testimony that the liquor in question was so purchased by him.

■■■ Complaint is also made because the court did not repeat in all the instructions bearing on the sufficiency of the evidence the statement "or lack of evidence." The court fully covered this matter in his instruction on reasonable doubt in plain and unambiguous language, as follows: "A reasonable doubt is such a doubt as fairly and naturally arises in your minds after fully and carefully weighing and considering all of the evidence introduced, as well as the want of evidence in the case, when viewed in the light of all the facts and circumstances, etc." It was not necessary for the court to repeat this statement, and the appellant's contention in this regard is not tenable. The instructions are to be considered as a whole.

■■■ It is finally contended that the verdict is contrary to the evidence, in that the evidence conclusively shows that the defendant did not have the said liquor in his place of business for an unlawful purpose, but that the liquor found on the premises was simply an accumulation of leavings of liquor brought there by his patrons, over which he had no control; that it did not belong to him. This presents the most troublesome question in the case. This matter was properly presented to the lower court in a motion for a new trial. The finding of the jury on conflicting and supporting testimony is conclusive on the appellate court. Miller v. Hurburgh, 212 Iowa 970, 235 N. W. 282.

On the other hand, we have frequently held that, where the verdict is clearly against the weight of evidence, a new trial should be granted. State v. Reinheimer, 109 Iowa 624, 80 N. W. 669; State v. Sullivan, 156 Iowa 603, 137 N. W. 918; State v. Saling, 177 Iowa 552, 159 N. W. 255; State v. Carson, 185 Iowa 568, 170 N. W. 781. We have also said that the court will interfere more readily with a verdict in a criminal proceeding, where the same is contrary to the evidence, than in a civil action, under the same circumstances. State v. McKenzie, 204 Iowa 833, 216 N. W. 29. On the other hand, as stated in State v. Manly, 211 Iowa 1043, 233 N. W. 110, 111:

"If there is substantial and sufficient evidence supporting the jury's finding * * * this court will not interfere with the verdict. To put the thought in another way, this court will not substitute its judgment concerning the weight of the evidence for that of the jury. Nevertheless, if it is deemed by the court that the verdict is not supported by the entire record, then the jury's finding may be set aside. State v. Glendening, 205 Iowa 1043, 218 N. W. 939; State v. Cordaro, 206 Iowa 347, 218 N. W. 477."

Applying these well-established principles of law to the facts in this case, we are constrained to hold that there was sufficient evidence supporting the jury's findings to bring the case within the rule announced in the last-cited cases. It would serve no useful purpose to set out more fully the evidence and the legitimate inferences to be drawn therefrom, which, in the mind of the court, furnished sufficient basis for the verdict of the jury. We are not prepared to say that the verdict is clearly against the weight of evidence. Therefore, it is not within the province of this court to interfere with or set aside the verdict of the jury and to substitute its judgment concerning the weight and credibility to be given to the evidence for that of the jury. On the whole record, as the same is presented to us by the abstracts before us, we find no reversible error, that the defendant has had a fair and impartial trial, and the judgment of the trial court must be, and is accordingly, affirmed.—Affirmed.

ANDERSON, PARSONS, ALBERT, POWERS, and DONEGAN, JJ., concur.