STATE OF IOWA, Appellee, v. GEORGE CHAPPEL, Defendant, Appellant.

No. 44766.

JUNE 20, 1939.

Guy A. Miller, for appellant.

Fred D. Everett, Attorney General, Don Hise, Tom Bannister, and Ralph Moore, Asst. County Attorneys, for appellee.

STIGER, J.—Defendant asserts the judgment is against the clear weight of the evidence and must be reversed, citing State v. Klein, 218 Iowa 1060, 256 N. W. 741; State v. Hamer, 223 Iowa 1129, 274 N. W. 885; State v. Wise, 83 Iowa 596, 50 N. W. 59; State v. Reinheimer, 109 Iowa 624, 80 N. W. 669; State v. Saling, 177 Iowa 552, 159 N. W. 255; State v. McKenzie, 204 Iowa 833, 216 N. W. 29.

We are of the opinion that the cited cases do not control the decision in this case and that there is sufficient evidence to support the judgment.

There is a conflict in the evidence and we will set out the evidence on which we base our conclusion that there should be an affirmance.

Roger Keith gave the following testimony on direct examination:

"I am connected with the Keith Heating Co., in Des Moines, and on the 9th day of July, 1938, at about 3:00 o'clock in the

afternoon, I received a telephone call from some one asking me to come to a house in the vicinity of East 24th and Lyon streets in the city of Des Moines, Iowa, to look over a furnace. I went to the house at 3:30 p. m., but did not find anybody at home, but while I was there George Chappel walked up to me and hit me on the temple with his fist and then on my chin, and knocked me down. He ran away and got in a blue Chevrolet sedan that was up the street a ways with the engine running, driven by a man who pulled his coat collar up around his head. I did not know who it was at the time but later was told who it was, and I filed this information against him. I found out afterward that the people who lived in the house that I was supposed to visit had made no call for me at all."

On cross-examination, the witness testified:

"The police officers brought George Chappel down to the police station in the latter part of October for me to look at. I told the officers that if Chappel would stand up in front of me, I could tell whether he was the man or not. He stood up in front of me and I told the officers that the man who struck me was a taller man than he was, but I realize now that I thought he was taller because he was standing on a little bank when he struck me, and that is what confused me."

On further direct examination the witness testified that:

"The nose of George Chappel is the same as the nose of the man who struck me. I was confused as to the height of the man because he was standing on a bank when he hit me."

The defendant, George Joynes and M. W. King were employees of the Keith Furnace Company on July 9, 1938. King, a witness for the State, testified:

"Some time after July 9, 1938, George Chappel told me that John Rehmann had agreed to give him and George Joynes a piece of money if they would go out and beat up Roger Keith. John Rehmann is president of the Keith Furnace Co. Chappel told me that he and Joynes had gone out to 24th and Lyon and that he had found Roger Keith out there and had knocked him down. He said that when they got back, they were downstairs in the foundry and John Rehmann came down and was talking to them and he, Chappel, wanted a cigarette; that Rehmann, instead of giving him the money for doing the job, gave

him a quarter and told him to go buy some cigarettes with it.''

Mrs. Campbell, who lived at 2345 Lyon street, testified as follows:

"On July 9, 1938, in the afternoon, I was sitting out on my front porch and I saw a blue car parked up the street a little ways, with two men in it. One got out and was talking to the other one inside and pretty soon I saw him walk away and go to one of the neighbor's houses. I heard some kind of a racket there and looked around just in time to see Mr. Roger Keith getting up and this other man was running toward the car. He ran and got in the car. In the meantime, the car had turned around and was on 24th street, facing south, and when this man got in the car, the car drove away. I noticed that the man who was running had a deep cleft scar on the right side of his face."

George Joynes, a witness for defendant, admitted his wife owned a blue Chevrolet coach and that he used the car whenever he wanted it.

Defendant, in his argument, stresses the fact that Mr. Keith did not definitely identify him when he was brought to the police station to give Keith an opportunity to identify him as his assailant. Police officers present at that time testified in substance that Keith, when asked to identify Chappel as the man who struck him, said, "I can't identify him sitting down but if he will stand up in front of me I can identify him''; that Keith said that the features of Chappel were similar to those of the man who struck him but the man who struck him was taller than George Chappel and George Chappel was not the man.

However, Keith, in his testimony at the trial, explained his statement at the police station that the man that struck him was taller than Chappel, recognized the features of Chappel as the features of the man who struck him and stated that "George Chappel walked up to me and hit me on the temple with his fist and then on my chin and knocked me down."

We have no hesitancy in saying that there is not such a want of support for the judgment as will require a reversal. —Affirmed.

MITCHELL, C. J., and SAGER, MILLER, OLIVER, BLISS, HAMILTON, and HALE, JJ., concur.