The judgment appealed from is accordingly affirmed.

(63 South. 476.)

No. 20,123.

STATE v. KENNEDY.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. JURY (§ 133*)—EXCLUSION OF JUROR—EXAMINATION.

"The rejection of a juror by the judge, even if erroneous, affords no legal ground of complaint, and this rule is equally applicable where the judge has refused to allow the juror whom he has excluded to be cross-examined on his voir dire. Act No. 135, p. 216, of 1898, § 1."

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 586–598; Dec. Dig. § 133.*]

2. JURY (§ 122*)—SUMMONING—DIRECTIONS OF COURT.

"It is within the discretion of the trial judge to order talesmen to be summoned 'from any portion of the parish, remote from the scene of the crime, that he may designate'; and if the sheriff, in disregard of his instructions, returns talesmen from the neighborhood in which the crime was committed, the judge may order them to stand aside. Act No. 135, p. 222, 1898, § 11." State v. Thompson, 116 La. 829, 41 South. 107; State v. Hobgood, 46 La. Ann. 855, 15 South. 406.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 501; Dec. Dig. § 122.*]

3. CRIMINAL LAW (§ 936*)—NEW TRIAL—ABSENCE OF WITNESSES.

Where defendant goes to trial without the presence of important witnesses, and fails to ask for a continuance on the ground of such absence, he is not entitled to a new trial because of the absence of the witnesses.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2299–2305; Dec. Dig. § 936.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; J. B. Lancaster, Judge.

H. E. Kennedy was convicted of manslaughter, and appeals. Affirmed.

Carter & Carter, of Franklinton, for appellant. R. G. Pleasant, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with murder, and found guilty of manslaughter.

Defendant complains of the action of the trial judge, who, after examining a juror on his voir dire, excused him for cause. The judge states in his per curiam attached to the bill of exceptions that he had instructed the sheriff to secure 20 tales jurors to report in court the following morning, and to select such tales jurors as far from the scene of the homicide as possible, and not to select any person who was within the courtroom or in or about the courthouse. He continues:

"Just previous to the hour that the court adjourned for the day, I was informed by a reliable source that an attempt would be made to secure from the list of 20 tales jurors some favorable to the accused, and that this particular juror, R. W. Rhodes, whose name was the first on this list, was a very close personal friend of the accused, of his relatives, and friends, and had taken considerable interest on behalf of the accused. I, at the time, did not know Mr. Rhodes by name, but when he was called to be examined on his voir dire I immediately recognized him as having been constantly in court the day previous, and in conversation, apparently in conference, with the relatives and friends of the accused. And he appeared so much interested I concluded at the time he must be a relative of the accused.

"For these reasons, and the fact that the sheriff disregarded the instructions of the court in selecting as tales jurors persons who had been in the courtroom, and who lived near the scene of the crime, I concluded that it was not only

wise but mandatory upon the court to excuse Mr. Rhodes."

Act No. 135 of 1898, p. 216, § 1, provides:

"That the judges of the district courts shall have discretion to decide upon the competency of jurors in particular cases where from physical infirmity or from relationship or from ignorance of the English language and inability to understand the same when read or spoken, or other causes, the person may be, in the opinion of the judge, incompetent to sit upon the trial in any particular case."

And we held, in the case of State v. Hobgood, 46 La. Ann. 855, 15 South. 406, prior to the adoption of the above statute, that:

"The right of the judge to discharge a juror in case of evident moral and physical necessity is now a part of the fixed jurisprudence of this state, established by a number of decisions."

In the present case, like the one just cited, the jury had not been completed, and no evidence had been introduced. Authorities are cited in the Hobgood Case.

[1] Again, in the case of State v. Thompson, 116 La. 829, 41 South. 107, we say in the syllabus:

"The law gives to the accused the right to object to an obnoxious juror, but does not give him the right of selection; hence the rejection of a juror by the judge, even if erroneous, affords no legal ground of complaint, and this rule is equally applicable where the judge has refused to allow the juror whom he has excluded to be cross-examined on his voir dire. Act No. 135, p. 216, of 1898, § 1."

The syllabus in that case proceeds as follows:

"It is within the discretion of the trial judge to order talesmen to be summoned 'from any portion of the parish, remote from the scene of the crime, that he may designate'; and if the sheriff, in disregard of his instructions, returns talesmen from the neighborhood in which the crime was committed, the judge may order them to stand aside. Act No. 135, p. 222, of 1898, § 11."

[3] The next bill of exceptions is taken to a ruling of the court refusing a new trial because of the absence of an important witness for defendant on the trial. The court states in overruling the motion for a new trial that no continuance had been asked for during the trial. Defendant cannot take the risk of going to trial without an important witness, and then obtain a new trial because of the absence of said witness.

Judgment affirmed.