State of Iowa, Appellee, v. George W. Kendall, Appellant.

**JURY: Competency—Discretion of Court.** Whether a juror shall be
1 excused on an issue as to his competency rests in the sound legal discretion of the court.

**JURY: Competency—Excusing for Insufficient Cause—Effect.** It is
2 suggested that it is not reversible error to exclude a juror for an insufficient cause if an impartial jury is afterwards obtained.

**CRIMINAL LAW: Trial—Opening Statement—Unsustained Objection.**
3 An unsustained objection by the State to an opening statement on behalf of an accused, presents no reviewable matter.

**EVIDENCE: Opinion Evidence—Intoxication.** The fact of intoxica-
4 tion may be shown by one who has observed the conduct and appearance of the person in question and describes the same.

**WITNESSES: Cross-Examination—Permissible Scope.** The permissible
5 range of cross-examination of witnesses in general rests in the sound discretion of the trial court.

**CRIMINAL LAW: Trial—Improper Argument by Defendant—Reply**
6 **by State.** An accused may not complain that the county attorney replied to an improper argument by the accused as to the penalty attending a conviction.

**CRIMINAL LAW: Instructions—Waiver of Detailed Elaboration.**
7 Comprehensive and correct instructions as to all elements of a charged offense render unnecessary, in the absence of a request, an elaborate exposition of defendant's particular theory of the case.

**WORDS AND PHRASES: Intoxication.** Principle reaffirmed that a
8 person is intoxicated when he is so far under the influence of intoxicating liquors that his passions are visibly excited or his judgment is impaired.

**MOTOR VEHICLES:** Operation While Intoxicated—Evidence. Under an indictment for operating a motor vehicle while intoxicated, evidence as to the speed at which the vehicle was operated is immaterial.

**MOTOR VEHICLES:** Operation While Intoxicated—Appearance and Conduct of Accused. Under an indictment for operating a motor vehicle while intoxicated, the appearance and conduct of the accused at the time in question are competent and material.

**MOTOR VEHICLES:** Operation While Intoxicated—Evidence—Sufficiency. Evidence held to present a jury question on the issue as to the operation of an automobile while the operator was intoxicated.

**CRIMINAL LAW:** Sentence—Evidence in re Mitigation. The court is under no obligation, at the time of passing sentence in a criminal cause, to receive evidence in mitigation of the offense, on the part of the accused.

**CRIMINAL LAW:** Instructions—Credibility of Accused as Witness. The court may very properly specifically instruct the jury as to the rules for determining the weight and credibility of the testimony of an accused. Instructions held correct.

**MOTOR VEHICLES:** Operation While Intoxicated—Excessive Sentence. Sentence of one year in the penitentiary, for operating an automobile while intoxicated, reviewed, held excessive, and reduced to a fine of $1,000, and, in default of payment, to imprisonment in the county jail for 300 days.

Headnote 1: 35 C. J. p. 239. Headnote 2: 17 C. J. p. 292. Headnote 3: 17 C. J. p. 74 (Anno.) Headnote 4: 16 C. J. p. 751. Headnote 5: 40 Cyc. p. 2512. Headnote 6: 16 C. J. p. 911. Headnote 7: 16 C. J. p. 1056. Headnote 8: 33 C. J. p. 479. Headnote 9: 28 Cyc. p. 50. Headnote 10: 28 Cyc. p. 50. Headnote 11: 28 Cyc. p. 50. Headnote 12: 16 C. J. p. 1297. Headnote 13: 16 C. J. pp. 1018, 1019. Headnote 14: 16 C. J. p. 1364.

*Appeal from Pottawattamie District Court.*—EARL PETERS, Judge.

MAY 12, 1925.

REHEARING DENIED SEPTEMBER 25, 1925.

DEFENDANT was convicted of the crime of operating a motor vehicle while intoxicated. After trial, judgment was entered

against defendant, sentencing him to the penitentiary for a period of one year. From this judgment he appeals.—*Modified and affirmed.*

*Robertson & Robertson,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Frank E. Northrop,* County Attorney, for appellee.

ALBERT, J.—On the 4th day of January, 1924, an indictment was returned against the defendant, charging him with the crime of operating a motor vehicle while intoxicated. On this appeal, he assigns some forty-one errors. For convenience, we will condense as many of the errors as possible, relating to the same questions, affecting the testimony offered by various witnesses.

The first question discussed is a ruling made by the court excusing one of the jurors, under the testimony given by him on his *voir dire* examination. The question as to the qualification

1. JURY: competency: discretion of court.

of the jurors is usually a question of the sound discretion of the trial court. Unless abuse of such discretion is clearly shown, reversal cannot be had on this proposition. The record is entirely barren of any such showing of abuse of discretion by the court, and therefore the appellant cannot complain. *State v. Butler,* 155 Iowa 204; *State v. Smith,* 124 Iowa 334; *State v. Teale,* 154 Iowa 677; *State v. Brown,* 130 Iowa 57; *State v. Crofford,* 121 Iowa 395.

The weight of authority seems to be that it is not reversible error to exclude a juror for an insufficient cause if an impartial and unobjectionable jury is afterward obtained. *Keady v.*

2. JURY: competency: excusing for insufficient cause: effect.

*People,* 32 Colo. 57 (74 Pac. 892); *State v Rodriguez,* 23 N. M. 156 (167 Pac. 426); *Pittsburgh, C. C. & St. L. R. Co. v. Montgomery,* 152 Ind. 1 (49 N. E. 582); *State v. Kennedy,* 133 La. 945 (63 So. 476); *Bluthenthal & Bickart v. May Advt. Co.,* 127 Md. 277 (96 Atl. 434). There is a material distinction between an error in retaining a disqualified juror, and rejecting one who is qualified; and the latter is not material if it did not prevent a trial by a

fair and impartial jury. *State v. Marshall*, 8 Ala. 302. Under the juror's examination in this case, we hold that the court did not abuse its discretion in excusing the juror.

Complaint is made because objection was made to the attempt of counsel for defendant to state certain matters in his opening statement. Primarily, an opening statement to the jury by the attorney for either side should be devoted to statement of the facts, and conclusions to be drawn from such facts, and not an attempt to run a school of instruction as to the law of the case. The objection raised here, however, is not tenable, but arose under these conditions: Counsel for defendant was making his opening statement to the jury, and was interrupted by the prosecuting attorney, with the remark: "I think that is scarcely a statement of fact; I think it is an argument."

3. CRIMINAL LAW: trial: opening statement: unsustained objection.

The court: "It is getting pretty close to the line of argument. You may have an opportunity to argue the case at the close of the evidence." (The defendant excepts.)

This is the record before us. It is apparent therefrom that the objection, if it may be so considered, by the county attorney, was not sustained; but, if we consider the objection as sustained by the court, it is not prejudicial error. 16 Corpus Juris 891.

Numerous witnesses were asked whether the defendant was intoxicated, or in an intoxicated condition, or whether, in the opinion of the witness, the defendant was intoxicated. Defendant made timely objection to this line of testimony, but was overruled; and he now assigns error thereon. This question has been too long settled in this state to demand more than a citation of authority. See *State v. Huxford*, 47 Iowa 16; *Ewing v. Hatcher*, 175 Iowa 443, and cases therein cited.

4. EVIDENCE: opinion evidence: intoxication.

Objection is also made to the range allowed on cross-examination of defendant's witnesses; but this is also a matter of discretion with the trial court. *State v. Madden*, 170 Iowa 230; *State v. McKinnon*, 158 Iowa 619. It is also true that, on redirect examination, questions are permissible which explain the matters brought out on cross-examination. *State v. Rohn*, 140 Iowa 640. It is

5. WITNESSES: cross-examination: permissible scope.

also urged that there was misconduct of the county attorney
in his argument to the jury, in which the prose-
cuting attorney attempted to discuss the ques-
tion of the penalty accompanying the crime
charged. Objection was made to this; and the
court, in passing on the same, held that what was being said by
the county attorney was proper argument, and replied to what
had already been said by defendant's counsel in his argument
to the jury. It thus appearing in the record that the argument
advanced by the county attorney was responsive to the argument
already made by the defendant's counsel, the defendant is not
in a position to complain. As said by the court, the matters for
argument on both sides were the facts involved in the case, and
the jury was not interested in the penalty provided by the law.
The defendant's attorney first infracted the rule, and he cannot
now raise the question.

6. CRIMINAL LAW:
trial: improper
argument by de-
fendant: reply
by State.

We have said that it is proper for the county attorney to
answer the argument made by the defendant's counsel, and, al-
though the question under discussion was an improper one, yet,
under such circumstances, it is not ground for reversal. *State
v. Crayton,* 138 Iowa 502; *State v. Hart,* 140 Iowa 456; *State
v. Wegener,* 180 Iowa 102.

To the point that it is not proper for the defendant's coun-
sel to tell the jury what the penalty on conviction will be, see
*State v. Towne,* 180 Iowa 339.

Defendant further complains that his theory of the case was
not covered by the instructions of the court. The court, on its
own motion, gave certain instructions herein, which fairly cover
the case. If the defendant had wished his theory
of the case instructed upon, he should have re-
quested such instructions as would cover his
theory. The court, having covered all the ele-
ments of the case, did all it was required to do; and his failure
to instruct on defendant's theory, when not requested by de-
fendant so to do, is not reversible error. *State v. Pelser,* 182
Iowa 1; *State v. Brandenberger,* 151 Iowa 197; *State v. Jones,*
145 Iowa 176.

7. CRIMINAL LAW:
instructions:
waiver of de-
tailed elabora-
tion.

Certain instructions were given by the court defining "in-
toxication," to which objection is made; but they fairly come

within the definition of "intoxication" as set out in Iowa cases, among others, *State ex rel. Cosson v. Baughn,* 162 Iowa 308.

**8. WORDS AND PHRASES: intoxication.**

Objection is also made to the testimony of the witness Pratt, in testifying that the automobile was traveling at approximately 25 miles an hour. Under the facts involved in the case, speed of the automobile is wholly immaterial, and had nothing whatever to do with the crime charged. While the court should require a witness to be qualified, before permitting him to so testify, in the instant case it was error without prejudice.

**9. MOTOR VEHICLES: operation while intoxicated: evidence.**

Numerous questions were asked of various witnesses relative to the appearance and conduct of the defendant at the time in question, and, over objection, they were permitted to answer. This ruling was not erroneous. See *Vannest v. Murphy,* 135 Iowa 123.

**10. MOTOR VEHICLES: operation while intoxicated: appearance and conduct of accused.**

Numerous other errors of minor importance are assigned, but none of them seem to be of the character to demand further attention at our hands.

Motion was made to direct a verdict in behalf of the defendant; and a claim is here made that the same should have been sustained, and that the evidence is insufficient to sustain the verdict. Briefly stated, this case arose under the following circumstances: About or after midnight on the night of November 19, 1923, defendant was driving south on Main Street in the city of Council Bluffs, in a Ford automobile. His car collided with a street car approaching from the opposite direction. Several witnesses testify against the defendant, and several testify for him. Some of the witnesses on behalf of the State testify that the defendant was intoxicated at the time; others that he staggered when he attempted to walk, that he used abusive language toward the motorman and conductor, and that they smelled intoxicating liquor on his breath. The undisputed testimony shows that, after the collision, the defendant alighted from his car, and said, in addressing the motorman: "Didn't you see me coming? Why in hell didn't you turn out?" To

**11. MOTOR VEHICLES: operation while intoxicated: evidence: sufficiency.**

say the least, this inquiry could not come from a mind that was properly functioning.

At most, there is a sharp dispute in the testimony as to whether or not the defendant was intoxicated. It was wholly a question for the jury, and the *nisi prius* court was right in submitting it to the jury.

The defendant further urges that it was reversible error for the trial court to sustain objections to the offer of the defendant to introduce testimony, before sentence was pronounced, in

12. CRIMINAL LAW: sentence: evidence *in re* mitigation.

mitigation of the punishment in this case, and to refuse the defendant the right to present a plea for leniency. We know of no rule of law or reason why defendant should be permitted to introduce testimony after conviction and before sentence, where the case has been tried in full, and the court is familiar with all of the facts incident to the same.

The court, among other instructions, gave one as to the weight of the testimony of the defendant, which, in substance, tells the jury that he had a right to testify in his own behalf.

13. CRIMINAL LAW: instructions: credibility of accused as witness.

Since he availed himself of that privilege, the jury should consider his testimony, in determining his guilt or innocence. They might consider it from a standpoint of an interested witness; and in determining the weight and credit, they might take into consideration his interest in the result of the case; and they should give his testimony such weight and credit as they deem it fairly entitled to, when considered with all the other testimony offered and submitted on the trial, and with all the facts and circumstances disclosed by the evidence. A much stronger instruction against the defendant, along this line, was given in the case of *State v. Walker*, 133 Iowa 489, and we said of it that the instruction announced a rule which has heretofore received the sanction of this court, and was not erroneous (citing *State v. Mecum*, 95 Iowa 433; *State v. Hunter*, 118 Iowa 686). A comparison of the instructions approved in those cases with the instruction given in the instant case shows very plainly that the instruction here given was not prejudicial to the rights of the defendant, and therefore there was no error in giving it.

Another complaint is made as to the sentence of the court

in this case, on the ground that the same is excessive. This rather appeals to us as having some merit. It appears that this crime occurred about midnight. While, under the present state of our automobile traffic, there is probably nothing more dangerous than an automobile in the hands of an intoxicated driver, and the penalties attached for so doing should be of such character as to serve as a deterrence and warning to others, at the same time we are disposed to feel that, in the present instance, this sentence is excessive. Section 5462 of the Code of 1897 provides that the court, upon examination of the record, shall render such judgment as the law demands, and it may affirm, reverse, or modify the judgment, or enter such judgment as the district court should have entered, or reduce the punishment. We feel called upon in this case to exercise this duty; and it is the order of this court that the punishment herein given be reduced from one year in the penitentiary to a fine of $1,000 and costs, and, on failure of the defendant to pay such fine, that he stand committed to the county jail of Pottawattamie County for the term of 300 days. Otherwise, the action of the district court is affirmed.—*Modified and affirmed.*

14. MOTOR VE-
HICLES: opera-
tion while in-
toxicated: ex-
cessive sen-
tence.

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.