STATE of Iowa, Appellee,

v.

Larry Dean THOMPSON, Appellant.

No. 84–190.

Supreme Court of Iowa.

Nov. 14, 1984.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Rebecca L. Claypool, Asst. Atty. Gen., and Charles A. Stream, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Defendant Larry Dean Thompson appeals his convictions for operating a motor vehicle while under the influence of intoxicants (second offense) and driving while license revoked in violation of Iowa Code sections 321.281 and 321B.38 (1983). He urges on appeal that: (1) evidence concerning a preliminary chemical test was improperly admitted in violation of Iowa Code section 321B.3; (2) evidence that defendants' license had been "revoked as provided in this chapter" was insufficient to support a verdict of guilty in the absence of proof that the revocation was accomplished in strict compliance with the statutory procedures set forth in section 321B.16; and (3) the jury should have been instructed that revocation in accordance with the requirements of section 321B.16 was an element which the State must prove beyond a reasonable doubt in order to sustain a conviction for driving while license revoked.

The defendant was observed driving a motorcycle on July 27, 1983 by a police officer. A subsequent radio check elicited information that defendant's driver's license was currently revoked. As a result, radio contact was made with another officer who stopped the defendant and detected an odor of alcohol on his breath. A preliminary breath screening test was administered on a sample of defendant's breath which recorded a result of more than ten hundredths of one percent by weight of alcohol in the blood. Upon obtaining this result on the preliminary screening test, an intoxilyzer test was performed pursuant to the implied consent procedures of section 321B.4. The results of that intoxilyzer test indicated .16 of one percent by weight of alcohol in the blood.

At trial, evidence was presented through cross-examination of the State's witnesses that the accuracy of an intoxilyzer test might be questionable if performed in proximity to radio frequency interference. It

was further developed that the test in question was not insulated from such interference in the manner recommended by the Department of Public Safety. Peace officers testified that the defendant was courteous and performed fairly well on all the field sobriety tests except the heel-toe walk. Appellant testified that his poor performance on the latter test resulted from a severe ankle sprain.

The last item of evidence introduced by the State prior to the resting of its case was a document which included the results of the preliminary screening test conducted prior to the intoxilyzer test. This document contained the defendant's name and thereafter indicated that "the above-named person ... submitted to a preliminary breath screening test which indicated ten hundredths (.10) or more of one percent by weight of alcohol in the blood." This evidence was received over defendant's objection that it was inadmissible by reason of the provisions of Iowa Code section 321B.3.

A certified copy of defendant's driving record was admitted which showed that his license was revoked on July 27, 1983. No evidence was presented to show the particulars of the revocation procedure or the manner in which the revocation had been accomplished. Defendant moved for a directed verdict on the ground that the State had failed to show that the revocation was "in accordance with the requirements of section 321B.16." This motion was overruled by the trial court. Thereafter, defendant objected to the trial court's marshalling instruction to the jury on the ground that it did not require the State to show that the method of revocation was in strict compliance with the requirements of section 321B.16.

I. *Admissibility of Preliminary Breath Screening Test Results.*

■ Defendant urges that the trial court erred by admitting into evidence over his objection documentary evidence that he had submitted to a preliminary breath screening test "which indicated ten hundredths (.10) or more of one percent by weight of alcohol in the blood." He urges that the

use of such evidence is prohibited by section 321B.3 which provides in part:

The results of this preliminary screening test may be used for the purpose of deciding whether an arrest should be made and whether to request a chemical test authorized in this chapter, but shall not be used in any court action *except to prove that a chemical test was properly requested of a person pursuant to this chapter.*

(Emphasis added). In response to this contention, the State urges that this evidence falls within the exception provided in the last sentence of the above-quoted statute. Such evidence, the State contends, was offered to show the foundational facts necessary for the admission of the results of the intoxilyzer test.

The strength of the State's argument is diminished by the fact that there was no issue in the case concerning the foundational facts necessary for the admission of the intoxilyzer test. The defendant had not challenged the admissibility of the intoxilyzer results by a motion to suppress. This evidence was already admitted prior to the time the preliminary screening test was received.

■ In addition, we conclude that the limited exception to the prohibition against use of preliminary screening test results has reference to the foundational showing which must be made to the court in order to justify admissibility of a chemical test. Questions of admissibility of these test results are for the court and not for the jury. *Lessenhop v. Norton,* 261 Iowa 44, 53, 153 N.W.2d 107, 112–13 (1967). We do not believe the statutory exception authorizes providing the results of preliminary screening tests to the trier of fact as evidence in the case.

■ The State urges that if the results of the preliminary screening test are deemed to be inadmissible, the result in the present case is harmless error. When trial court error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the

594

complaining party have been injuriously affected. *State v. Massey*, 275 N.W.2d 436, 439 (Iowa 1979). We believe it sufficiently appears that defendant's rights in the present case suffered the requisite harm necessary for a reversal.

■ Defendant challenged the accuracy of the intoxilyzer test results based on potential radio frequency interference. In support of this contention he provided a memorandum from the state crime laboratory stating that sources of radio waves should be insulated from the intoxilyzer and, in addition, presented evidence through cross-examination of State witnesses that this had not been done on the intoxilyzer test which was administered to him. Use of the preliminary screening results by the State tends to corroborate the intoxilyzer reading which the defendant has challenged. We conclude that this evidence may not be deemed harmless. As a result of the error in its admission, a new trial is required on the information charging a violation of section 321.281.

II. *Elements of Driving While License Revoked Offense.*

Defendant's second and third issues both involve the same basic question: What are the elements of the offense defined in section 321B.38? He alleges that strict compliance with all of the procedural steps of section 321B.16 must be shown and constitute essential elements of the offense.

Defendant contends that his motion for directed verdict should have been sustained because proof of such elements is lacking in the present case. In particular, he contends that the State should have, but did not, present evidence that at the time of the revocation the arresting officer seized his driver's license and sent it to the Department of Transportation with an affidavit stating the basis for the revocation.

The State contends that if defendant wished to challenge the legality of the revocation of his license, as he apparently now seeks to do, this required an exhaustion of the administrative remedies provided in section 321B.26 and 321B.27. Failure to pursue these administrative remedies, the State contends, renders the revocation conclusive for purposes of establishing the present charge that defendant was operating a motor vehicle while his license was revoked.

■ Ordinarily, a final decision of an agency is not subject to collateral attack in a subsequent proceeding. *Walker v. Iowa Department of Job Service*, 351 N.W.2d 802, 805 (Iowa 1984); *Toomer v. Iowa Department of Job Service*, 340 N.W.2d 594, 598 (Iowa 1983). Given the administrative review process which was available to defendant with respect to the revocation of his operator's license and the right of judicial review which was available upon exhaustion of those administrative remedies, we conclude that the legislature did not intend that the State must retry the elements of the revocation procedure in a criminal prosecution based in whole or in part upon the act of revocation.

■ The same reasons which lead us to conclude that the elements upon which the revocation was based need not be established a second time in a prosecution under section 321B.38 also sustain the trial court's refusal to include such elements in the marshalling instruction given to the jury. In the marshalling instruction, the State was required to prove beyond a reasonable doubt that (1) defendant's license had been revoked, and (2) defendant had operated a motor vehicle while his license was thus revoked. We conclude that this instruction was sufficient to convey to the jury the elements of the offense.

We have considered all issues presented and find no basis for reversing the judgment of conviction on the charge of driving while license revoked. The judgment of conviction under section 321.281 is reversed, and that charge must be retried.

AFFIRMED IN PART; REVERSED IN PART.