**STATE of Iowa, Appellee,**

v.

**Charles Allen DESHAW, Appellant.**

**No. 86–546.**

Supreme Court of Iowa.

April 15, 1987.

Monty R. Bertelli, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Daniel W. Perkins, Asst. Atty. Gen., Denver D. Dillard, Co. Atty., and Edward J. Leff, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

SCHULTZ, Justice.

■ Defendant Charles Allen Deshaw appeals from his conviction, following a jury trial, of operating a motor vehicle while under the influence of alcohol (second offense) in violation of Iowa Code section 321.281 (1985). The primary issue on appeal concerns the admissibility of testimony by a peace officer that a preliminary screening test of defendant's breath indicated the presence of alcohol. We hold that the admission of such testimony is reversible error.

Defendant, while driving his pickup on October 5, 1985, was stopped for speeding by a Cedar Rapids police officer. Based on his contact with the defendant, the officer concluded that defendant had been drinking intoxicants. The officer requested that defendant submit to a preliminary breath test, and defendant complied. Defendant was arrested for operating while under the influence and taken to the Linn County jail, where he was processed under the provisions of the implied consent law, Iowa Code chapter 321B.

Defendant has carefully preserved error on the evidentiary rulings that form the basis for this appeal. He filed a pretrial motion in limine seeking to prevent the State from introducing into evidence at the trial any results of the preliminary screening test, including the registration and detection of the presence of alcohol in the breath sample. This motion was denied and defendant renewed his objections without success at trial. He also made timely objections during the redirect examination of the deputy sheriff when the issue of an independent blood test was raised, as this issue had not been approached on direct examination or cross-examination.

We first address the admissibility of testimony as to the preliminary screening test of defendant's breath. This issue involves interpretation of Iowa Code section 321B.3. This section allows a peace officer under certain conditions to request the operator of a motor vehicle to provide a breath sample for a preliminary screening test, which is done by the officer using an approved device. Additionally, this section provides in part:

> The results of this preliminary screening test may be used for the purpose of deciding whether an arrest should be made and whether to request a chemical test authorized in this chapter, but shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to this chapter.

Iowa Code § 321B.3. The State does not contend it was necessary to prove that a chemical test was properly requested. The trial court overruled defendant's motion and his objection at trial on the bases that the testimony as to the presence of some alcohol in defendant's breath would not prove defendant guilty of the charged offense, and that preliminary screening test "results," for purposes of section 321B.3, means the numerical designation of the percent of blood alcohol as shown by the readouts from the preliminary breath test device. Defendant contends that the mere

showing that the test was positive, indicating the presence of some alcohol, is a "result."

We addressed a related problem in *State v. Thompson*, 357 N.W.2d 591 (Iowa 1984). We held that a document that included the results of the preliminary screening test, which indicated ten hundredths (.10) or more of one percent by weight of alcohol in the blood, was inadmissible under section 321B.3 when the foundational facts necessary for the admission of the later intoxilyzer test were not in issue. *Id.* at 593. Our ruling in *Thompson* applies to the admissibility of the actual test score, rather than to the admissibility of the fact that the test showed the presence of some alcohol without showing the quantity.

We believe that the trial court's interpretation of the term "result" in section 321B.3 is repugnant to the purpose and scheme of this section. In enacting this section the legislature's underlying purpose was to provide peace officers with the tool of a quick, convenient test to assist officers in determining whether an arrest should be made. The problem with this quick, convenient test is unreliability. To guard against this problem, the legislature chose to make the "results" inadmissible in evidence.

■ The unreliability inherent in the test goes to both aspects of the test; not only may the test register an inaccurate numerical percentage of alcohol present in the breath, it may also be inaccurate as to the presence or absence of any alcohol at all. In this case, the unreliable evidence of the presence of alcohol was introduced to show defendant had been drinking. We fail to find any suggestion in the statute that the term "result" should be restricted to render inadmissible only the numerical percentage of alcohol present. Consequently, we conclude that the showing of positive on the test, indicating the presence of some alcohol, is a "result" of the testing which may not be used as evidence in court.

We also do not agree with the State's contention that this evidence was merely cumulative of a great deal of other evidence presented by the State, and that any error was thus nonprejudicial and harmless. Defendant did not present evidence that he had been drinking. He sought by pretrial motion and objection at the time of trial to prevent such testimony. At each step the prosecutor persisted in obtaining the admission of the test. As we held in *Thompson*, "[T]his evidence may not be deemed harmless." 357 N.W.2d at 594.

■ Our last issue arises from the State's redirect examination of a witness. Defendant complains that the court allowed redirect examination on matters not raised on direct or cross-examination. Redirect examination questions that take the form of explanation, avoidance, or qualification of matters brought out on cross-examination are permissible. *State v. Fetters*, 202 N.W.2d 84, 93 (Iowa 1972); *State v. Kendall*, 200 Iowa 483, 486, 203 N.W. 806, 807 (1925). The scope of redirect examination rests largely in the discretion of the trial court. On retrial, we assume that the evidence in question will be on direct examination; thus, we need not decide this issue on this appeal.

REVERSED AND REMANDED.