**STATE of Iowa, Appellee,**

v.

**James Millington HENNESSEY, Appellant.**

No. 86–646.

Supreme Court of Iowa.

May 13, 1987.

Rehearing Denied June 12, 1987.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and James Kivi, Asst. Atty. Gen. and Sp. Prosecutor, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

We find no merit in any of the four errors that defendant assigns in this appeal from his conviction of operating a motor vehicle while under the influence of alcohol (second offense). Iowa Code § 321.281 (1985). We therefore affirm.

Defendant Hennessey attracted the attention of a police officer while driving in Hiawatha, Iowa, during the early hours of October 10, 1985. His driving was erratic; he rolled through stop signs and from time to time traveled on the wrong side of the road. After some difficulty the officer captured his attention. Hennessey then simply stopped in the center of the street in a residential neighborhood. Hennessey's driver's license proved to be a "work permit," issued because he was under sentence on a previous charge for the same offense.[1] The officer detected "a strong odor of alcohol." Hennessey acknowledged he had been drinking, and the officer observed he was "mush mouthed, thick tongued and ... not speaking in full sentences." After Hennessey failed routine sobriety tests he was arrested for operating a motor vehicle while intoxicated and was taken into custody at the Linn County jail.

At the jail the officer read Hennessey his *Miranda* rights and the implied consent advisory. Hennessey, however, after consulting with an attorney by telephone, refused the officer's request to submit to a breath test.

Having been convicted of the same offense less than two months previously, Hennessey was charged with a second offense operating while intoxicated. Because he was a longtime county treasurer in Linn County and because the case drew intense pretrial publicity, Hennessey successfully moved for a change of venue. It was tried to a jury in Johnson County. This appeal follows a jury verdict of guilty.

■ I. Hennessey contends it was error to admit evidence of his refusal to submit to the breath test.[2] The challenged ruling was based on an Iowa statute. Iowa Code section 321B.29 (1985) (now Iowa Code section 321J.16 (1987)) specifically makes the refusal to submit to a test

> admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person

---

**1.** Iowa law provides for graduated suspensions of operating privileges for repeat offenders. A special permit may then be provided for limited driving privileges, including travel to and from work. Iowa Code § 321.281 (1985) (now Iowa Code § 321J.4 (1987)).

**2.** Ordinarily, the admissibility of evidence is discretionary with the trial court. *State v. Emerson*, 375 N.W.2d 256, 259–60 (Iowa 1985); Iowa R.Evid. 104(d). We however agree with defendant that our review on this challenge is on error. This is because, as will appear, the only question is one of law.

was operating a motor vehicle in violation of section 321.281.

We have applied the statute in a number of cases: *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978); *State v. Young*, 232 N.W.2d 535 (Iowa 1975); *State v. Jensen*, 216 N.W.2d 369 (Iowa 1974); *State v. Tiernan*, 206 N.W.2d 898 (Iowa 1973). *See* Annotation, *Admissibility in Criminal Case of Evidence that Accused Refused to Take Tests of Intoxication*, 26 A.L.R.4th 112, 124 (1983).

Hennessey nevertheless argues it was error to admit the evidence, relying on a well established rule which requires the State to lay a foundation. Before evidence of a defendant's refusal to submit may be admitted "[t]he State has the burden of proof to supply foundational facts for the admission of results of tests conducted pursuant to chapter 321B." *State v. Schlemme*, 301 N.W.2d 721, 722 (Iowa 1981).

Although he suggested no such concerns at the time of his apprehension and refusal, Hennessey pointed at trial to a health concern that might arise from noncompliance with the testing procedures. The concern is one we have recognized. *See, e.g.,* *Schlemme*, 301 N.W.2d at 723 (Where noncompliance with procedural requirements endangers health or the accuracy of tests, we suppress evidence concerning test results.).

In rejecting defendant's assignment we make no retreat from the rule he recites; we reject the assignment because the rule simply has no application here. It is true that in order to render the evidence admissible the State must convince the court that the testing requirements have been met. But there is no similar requirement that the accused must likewise be convinced at the time the procedure is invoked. The trial court was correct in so holding.

II. Hennessey's second assignment assails the trial court's refusal to direct a mistrial. Because of his earlier conviction Hennessey was driving on a work permit. In a pretrial order sustaining Hennessey's motion in limine the parties were precluded from referring to the work permit. During

the direct examination of the arresting officer, the following occurred:

Q. Did you say anything to him or did he say something to you at this point? A. I walked up to the vehicle. Mr. Hennessey had already had the door open and I asked him for his driver's permit or license.

Hennessey's motion for mistrial was then made and overruled.

A trial court enjoys broad discretion in ruling on motions for mistrial. *State v. Hamilton*, 335 N.W.2d 154, 160–61 (Iowa 1983); *State v. Washington*, 308 N.W.2d 422, 424 (Iowa 1981). We interfere only where an abuse of discretion is shown. *State v. Trudo*, 253 N.W.2d 101, 106 (Iowa 1977).

An abuse exists "only when it is demonstrated that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Trudo*, 253 N.W.2d at 106 (citing *State v. Brewer*, 247 N.W.2d 205, 211 (Iowa 1976); *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976)). Not all prosecutorial misconduct entitles a defendant to a mistrial. *Trudo*, 253 N.W.2d at 106. The movant must first establish that the conduct "reached such proportions that [the trial became] an unfair one." *Id.* (citing *State v. Hansen*, 225 N.W.2d 343, 348 (Iowa 1975); *State v. Carey*, 165 N.W.2d 27, 32 (Iowa 1969)).

■ In attempting his showing Hennessey offered posttrial affidavits of three jurors which described their own reactions, and those of other jurors, to the officer's testimony we have quoted. The affidavits cannot be used for such a purpose. Juror affidavits are incompetent evidence to impeach a verdict. *State v. Folck*, 325 N.W.2d 368, 372 (Iowa 1982); *Long v. Gilchrist*, 251 Iowa 1294, 1299, 105 N.W.2d 82, 85 (1960) ("A juror cannot impeach his own verdict.").

■ The showing here falls far short of establishing an abuse. The officer's testimony did not deprive Hennessey of a fair trial. The assignment is without merit.

III. We reach the same conclusion with regard to two other discretionary rulings. One involved admissibility of evidence. Over objection, a sheriff's deputy was allowed to relate an obscene remark Hennessey made at the jail on the night of his arrest. Under the standard explained in *State v. Halstead*, 362 N.W.2d 504, 506 (Iowa 1985), we find no abuse.

Hennessey also challenges the trial court's refusal to grant a new trial. The motion for new trial was based on the failure of a juror to disclose information during voir dire jury examination. Hennessey's counsel asked potential jurors generally whether they were acquainted with "anybody that has been charged with an offense such as this?" One member of the panel admitted that he, his wife, and several friends had been convicted of operating a motor vehicle while intoxicated.[3] Another juror, Frank Nexbouer, made no response and thus did not disclose that he had been charged with the same offense. Nexbouer reported he did not feel anyone specifically asked him to answer the question.

The rule is clear that:

In ruling upon motions for new trial, the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties.

Iowa R.App.P. 14(f)(3). *See also Turner v. Jones*, 215 N.W.2d 289, 290–91 (Iowa 1974).

The principle has specific application when the new trial motion is based on a claim of jury misconduct. *State v. Christianson*, 337 N.W.2d 502, 504 (Iowa 1983) ("[J]ury misconduct justifies a new trial only if the defendant produces proof ... that the misconduct 'was calculated to, and it is reasonably probable that it did, influence the verdict.' ") (quoting *State v. Cuevas*, 288 N.W.2d 525, 535 (Iowa 1980); *Harris v. Deere & Co.*, 263 N.W.2d 727, 730 (Iowa 1978)). We apply an objective rather than a subjective test in evaluating alleged

misconduct. *State v. Rouse*, 290 N.W.2d 911, 916–17 (Iowa 1980).

We cannot say that Nexbouer's conduct in failing to disclose the charge against him was calculated to or probably did influence the verdict. Moreover, Hennessey has shown no prejudice by the nondisclosure. We cannot assume that a pending charge of a similar offense would make a juror more inclined to reach a guilty verdict.

As all defendant's assignments are without merit, the judgment of the trial court is affirmed.

AFFIRMED.

---

**3.** Hennessey's attorney exercised one of his preemptory challenges to remove that juror

from the panel.