STATE of Iowa, Plaintiff–Appellee,

v.

Scott Paul ZELL, Defendant–Appellant.

No. 91–540.

Court of Appeals of Iowa.

Aug. 27, 1992.

As Corrected Oct. 27, 1992.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for defendant-appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., and Karl George Knudson, County Atty., for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Defendant Scott Paul Zell appeals his conviction of operating a motor vehicle while intoxicated following a jury trial. Defendant contends the trial court erred in (1) failing to grant a mistrial following the State's reference to a preliminary breath test, and (2) in admitting evidence that was the result of an intoxilyzer breath test. We affirm.

The defendant was stopped for speeding and subsequently charged with operating a motor vehicle while intoxicated. When stopped, he was given a preliminary breath test. Under Iowa Code section 321J.5, the results of a preliminary breath test may not be used in any court action except to prove a chemical test was properly requested.

During trial, the following exchange occurred between the county attorney and an arresting officer:

Q. Okay. What did you do next? A. I believe I waited until the dispatcher from Decorah gave me the driver's license information on Mr. Zell and it came back that he did in fact have a valid driver's license Iowa.

Because of Mr. Zell's speech being slurred, my observation of his balance not being what I thought it should be, the fact that he admitted to me he had been drinking, I asked Mr. Zell if he would take an alco-sensor test or a preliminary breath test.

Q. And what was the result of the—well, what happened—what was the result of the preliminary breath test? A. When I first asked Mr. Zell if he would take the test, I noted a quote from him was he asked me "What's the use. I am over."

Q. Okay. I probably shouldn't ask the result of the preliminary breath test because I could get in trouble for asking that but let me ask—After he gave the preliminary breath test, what happened next?

At that point, the defendant's counsel asked to move to the chambers and moved for a mistrial because of the mention of the preliminary breath test. The trial court overruled the motion for mistrial, but did instruct the jury as follows:

Ladies and Gentlemen, there was some reference to a preliminary breath test. That is not to be considered by you for any purpose whatsoever and please disregard any reference to that.

The parties are in agreement the results of a preliminary breath test are not admissible to the trier of fact as evidence in this case. The results of the preliminary screening test are inadmissible because the test is inherently unreliable and may register an inaccurate percentage of alcohol present in the breath, and may also be inaccurate as to the presence or absence of any alcohol at all. *See State v. Deshaw*, 404 N.W.2d 156, 158 (Iowa 1987); *see also*

*State v. Thompson,* 357 N.W.2d 591, 593 (Iowa 1984).

■ The issue of contention between the State and the defendant is whether what happened here violated the statutory provisions of section 321J.5 which provides:

> The results of (a) preliminary screening test may be used for the purpose of deciding whether an arrest should be made and whether to request a chemical test authorized in (Chapter 321J) but shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to (Chapter 321J).

The State argues the fact the test was given is not error where the evidence introduced by the State does not give a numerical reading or result of the test.

While the county attorney did not elicit the test results from the officer, the questions asked gave the officer an opportunity to give the answer, an answer the prosecutor, by his own admission, recognized was not admissible.

Whether the prosecutor stepped over the line, we need not decide. The question is whether the trial court abused its discretion in not granting the defendant's motion for mistrial. *See State v. Hennessey,* 405 N.W.2d 846, 848 (Iowa 1987). Given the fact the exact results of the test were not admitted, and the fact the trial court instructed the jury to disregard any reference to the preliminary breath test, we do not find the trial court abused its discretion in not granting a mistrial.

■ The second claimed error is whether the State met all the foundational requirements for introduction of the results of the defendant's intoxilyzer breath test.

The parties disagree as to whether the State showed the instrument on which the defendant was tested was the same instrument that had been certified to be in proper working order by the Department of Public Safety.

■ The parties disagree as to our scope of review on this issue. The defendant contends we review for errors at law, and the State has the burden of showing compliance with the foundational requirements of the operating while intoxicated statute. The defendant contends the State must show literal compliance with the statute in accordance with the specifications set forth by the legislature. The defendant relies on *State v. DeBerg,* 288 N.W.2d 348, 350 (Iowa 1980), as support for his position.

The State contends the standard of review on the trial court's ruling on the defendant's objection to the admission of the results of the intoxilyzer test is the standard to be applied to the admissibility of foundation evidence, and we review for an abuse of discretion. The State relies on *State v. Mary,* 368 N.W.2d 166, 169 (Iowa 1985); *State v. Hershey,* 348 N.W.2d 1, 2 (Iowa 1984); *State v. Watts,* 441 N.W.2d 395, 397 (Iowa App.1989), to support its position.

■ To establish the foundation for the introduction of a breath test result, the State must prove the test was given using devices and methods approved by the Department of Public Safety. *See State v. Hansen,* 203 N.W.2d 216, 223 (Iowa 1972). We agree with the defendant, the State has the obligation to show compliance with the specifications set forth by the legislature.

The question is whether the State showed the instrument used to test the defendant's breath was an instrument that had been certified to be in proper working order by the Department of Public Safety as required by Iowa Admin.Code r. 661–7.2(1) (1988).

At trial, during direct examination, the officer was asked the serial number of the intoxilyzer he used to test the defendant's breath. The officer reviewed his documents and testified the serial number of the machine was 27–107628, and the public safety certification was for an intoxilyzer serial number 27–107628 that was inspected and found in working order. The defendant's attorney on voir dire asked the officer the serial number of the intoxilyzer, and the officer again testified it was 27–107628. The officer further testified he had handwritten the serial number, and he

believed the number he had written was "7," but it could have been a "1." The officer also testified later the serial number of the machine was 27–1*6*1–628.

There was evidence from two witnesses there is only one intoxilyzer in Winneshiek County. Calvin Rayburn of the Department of Criminal Investigation, testified he keeps track of intoxilyzers in each county, and there is only one in Winneshiek County. Rayburn testified model 4011A, serial number 27–101628 at the Decorah Police Department in Winneshiek County was certified by him on January 12, 1990, to be in proper working order. He said the certification was valid for one year. Rayburn also testified there is no intoxilyzer in the world with the serial number 161628.

The intoxilyzer printout and the certification form of the Department of Public Safety show the same serial numbers.

The defendant contends the State did not meet its foundational requirements. The defendant argues the conflicting and confusing record on the issue is not sufficient to allow the State to carry its burden of showing compliance with the foundational requirements of section 321J.11 (1989).

There is concern with the reliability and accuracy of an intoxilyzer. *See State v. Schlemme*, 301 N.W.2d 721, 723–24 (Iowa 1981); *DeBerg*, 288 N.W.2d at 350; *State v. Geinzer*, 406 N.W.2d 457, 458 (Iowa App. 1987).

Looking at all the evidence, we agree with the trial court on this issue.

AFFIRMED.